UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: Romo, Dennis J.,                               Case No. 24-10185 J7
       Romo, Darya

Debtors.

# **MOTION TO AVOID LIEN OF NORTH MILL CREDIT TRUST**

COME NOW the Debtors Dennis Romo and Darya Romo, by and through their counsel NM Financial & Family Law, P.C. (Dennis A. Banning) and pursuant to 11 U.S.C. §522(f)for their Motion to Avoid the Transcript of Judgment of North Mill Credit Trust, STATE:

1. The Debtors filed bankruptcy on February 28, 2024.

2. The Debtors owed a debt to Creditor North Mill Credit Trust.

3. Creditor North Mill Credit Trust filed a Transcript of Judgment in Bernalillo County on February 13, 2023, Doc. No. 2023008567. This Transcript of Judgment is a lien against the Debtor's residence which impairs their homestead exemption under the New Mexico Statutes, which they have claimed in their Chapter 7 filing.

4. The Debtors by this Motion move to avoid the Transcript of Judgment filed by North Mill Credit Trust.

5. The underlying judgment of North Mill Credit Trust is subject to Bankruptcy Code section 524(a)(1).

6. At the time of the filing of the bankruptcy case, the Debtors home was valued

at approximately $500,000.00 and was subject to a mortgage held by Dovenmuehle Mortgage of approximately $290,000.00, leaving the Debtors $210,000.00 equity in their home, which they claimed as exempt pursuant to NMSA §42-10-9(B)(1).

7. The mortgage lien of $290,000.00, plus the North Mill Credit Trust Transcript of Judgment of $92,326.13 total $382,326.13, leaving only $117,673.87 in equity. The Debtors have claimed as exempt their equity in their residence of $210,000.00, which is impaired by the North Mill Credit Trust Transcript of Judgment. The mortgage lien and the Debtor's claimed exemption equal the value of the home, leaving no equity for the North Mill Transcript of Judgment to attach. If the full statutory exemption of $300,000.00 is factored in, then the mortgage and the Debtor's exemption exceed the value of the home by $90,000.00.

8. "It is hornbook bankruptcy law that a debtor's exemptions are determined as of the time of the filing of his petition." *In re Friedman, 38 B.R. 275, 276 (Bankr. E.D. Pa. 1984)* (Friedman). We join these courts finding that bankruptcy exemptions are fixed on the date of filing. See *White v. Stump, 266 U.S. 310, 313 [45 S.Ct. 103, 104, 69 L.Ed. 301] (1924)*; *Mansell v. Carroll 379 F.2d 682, 684 (10th Cir. 1967)*.

9. By holding that exemptions are fixed on the date of filing, *we focus only on the law and facts are they exist on the date of filing the petition.* There is no doubt that the law as it exists on the date of filing determines a debtor's claimed exemption, *11 U.S.C. § 522(b)(2)(A)*, which allows a debtor to claim state-created exemptions, explicitly **[\*\*39]**

provides that the state law applicable on the date the petition is filed governs the exemptions which may be taken. The propriety of limiting our factual investigation to those facts existing on the date of filing is less self-evident. Nevertheless, for the reasons set forth below, *we hold today that only the facts existing on the date of filing are relevant to determining whether a debtor qualifies for a claimed exemption.* (Emphasis supplied.)

10. North Mill argues that the Debtors exemption, if allowed at all, should be limited to the amount in effect when the Judgment was entered. The United States Bankruptcy Court for the District of Connecticut, Hartford division, dealt with this very argument in *In re Cole* 642 B.R. 208, 2022 Bankr. LEXIS 1073, 2022 WL 1134626 (2022).

> 11. The Bankruptcy Court, in *Cole,* stated: "Whether the legislature intended to provide a long overdue adjustment to allow greater protections for Connecticut homeowners, as is urged by the Debtor, or whether the legislature's intention, as urged by the Trustee, was merely to "retain Connecticut residents who might otherwise leave the state for the greener pastures and higher homestead exemptions of our neighbors," the Trustee's interpretation of the 2021 Act would nonetheless frustrate either purpose. If accepted, the Trustee's interpretation would significantly delay the effect of the 2021 Act, as the increased exemptions would only be applicable against debts incurred on or after October 1, 2021. Most immediately, the 2021 Act would have little to no effect, as in the present case, and its full effect would not be felt for years. *See* Hall, 241 Conn. at 303 ("We presume that the legislature . . . did not intend to enact meaningless provisions."). Further, if the Original Homestead Exemption were to be effective against prior creditors and the Amended Homestead Exemption were to be effective against prospective creditors, the consequences of a debtor potentially asserting two applicable **[\*\*29]** state homestead exemptions would be incongruous and would irreconcilably complicate the administration of a bankruptcy estate.
> 
> The prospective application of the Amended Homestead Exemption urged by the Trustee would also yield an absurd or unworkable result within the meaning of 5 Conn. Gen. Stat. § 1-2z. For all practical purposes, it can be assumed that most, if not all, debts in bankruptcy cases filed since the 2021 Act's effective date of October 1, 2021, as well as for those cases filed in the near future, were incurred prior to October 1, 2021. Given that the 2021 Act *repealed* the Original Homestead Exemption, if accepted, the Trustee's argument would ostensibly result in a temporary abolition of Connecticut's Homestead Exemption in its entirety, leaving some debtors with no homestead exemption to claim. Such a result signals to this Court an erroneous construction on the part of the Trustee. *See* Duda, 182 B.R. at 666 ("[S]tatutes are to be construed so as to attain a rational and sensible result that bears directly on the purpose the legislature sought to achieve; a bizarre result signals an erroneous construction.").

12. Here, North Mill argues the position taken by the Trustee in *Cole*, that the Debtors should only be allowed to exempt the amount in effect when the Judgment was entered. Allowing the Debtors to exempt the $150,000.00 to which they are each entitled at the time of the filing of their bankruptcy "attains a rational and sensible result that bears directly on the purpose the legislature sought to achieve". In this case, that is the protection of the equity in their home. North Mill's argument would be "a bizarre result (that) signals an erroneous construction". (Emphasis added).

13. The Transcript of Judgment of North Mill Credit Trust, therefore impairs the Debtor's right to claim as exempt their equity in their residence and should be avoided.

WHEREFORE, the debtor prays for an order from the Court avoiding/cancelling the Transcript of Judgment filed against the Debtors on February 13, 2023 by North Mill Credit Trust in Bernalillo County as Doc. No. 2023008567 and for such other and further relief as the Court deems proper.

Respectfully Submitted,

/s/ Dennis A. Banning 04-29-2024
Dennis A. Banning
NM Financial & Family Law, P.C.
Attorney for Debtor
320 Gold Avenue SW, Suite 1401
Albuquerque, NM 87102
Phone: 505-503-1637
Email: dab@nmfinanciallaw.com

CERTIFICATE OF SERVICE

     I, Dennis A. Banning, hereby certify that on April 29, 2024, a true and correct copy of the foregoing pleading was filed electronically with the Bankruptcy Court in accordance with the CM/ECF system filing procedures for providing electronic service to the parties of record identified with the Bankruptcy Court.

Additional copies mailed to:

North Mill Credit Trust c/o
David A. Grammer III
2730 San Pedro Dr, NE Suite D
Albuquerque, NM 87110
(505) 883-9880
e-mail: david@grammerlawoffices.com

North Mill Credit Trust
Attn: Officer or Managing/General Agent
601 Merritt 7
Suite 5
Norwalk, CT 06851

/s/ Dennis A. Banning 04-29-2024
Dennis A. Banning, Esq.