UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: DENNIS ROMO and
DARYA ROMO,

No. 24-10185-j7

Debtors.

## MEMORANDUM OPINION

At the parties' request, the Court agreed based on stipulated facts to decide two threshold legal issues of law relating to the following consolidated contested matters:[1] (1) the Motion to Avoid Lien of North Mill Credit Trust ("Motion to Avoid Lien" – Doc. 14) filed by Debtors Dennis Romo and Darya Romo (the "Debtors"); and 2) Debtors' claim of homestead exemption (Schedule C, Doc. 1 at pp. 17-18) and the objections thereto (Docs. 12 and 20) filed by Creditor North Mill Credit Trust ("NMCT") and Philip J. Montoya, Chapter 7 Trustee ("Trustee") that are not dependent upon valuation of the Debtors' residence located at 8111 Picard Ave. NE, Albuquerque, New Mexico (the "Property").[2]

The threshold issues are first, whether the Debtors are precluded from avoiding NMCT's judicial lien under 11 U.S.C. § 522(f)[3] by their failure to claim a homestead exemption in the Property in pre-petition state court proceedings initiated by NMCT. Those proceedings ultimately resulted in a default foreclosure judgment determining that Debtors waived any right to a homestead exemption in the Property. Second, if Debtors are not precluded from avoiding

---

[1] *See* Order Consolidating (1) Debtors' Motion to Avoid Lien and (2) objection to Debtors' Claim of Exemptions, and Setting Hearing ("Consolidation Order" – Doc. 27).
[2] *See* Scheduling Order Regarding (1) Debtors' Motion to Avoid Lien and (2) Debtors' Claim of Exemptions ("Scheduling Order" – Doc. 31). The parties filed the following briefs: Debtor Brief on Exemption Issue with North Mill Credit Trust and the Chapter 7 Trustee (Doc. 36); Response Brief of Creditor North Mill Credit Trust (Doc. 37); Chapter 7 Trustee's Response to Debtors' Brief on Exemption Issue with North Mill Credit Trust and the Chapter 7 Trustee (Doc. 38); and Debtor Reply Brief on Exemption Issue with North Mill Credit Trust and the Chapter 7 Trustee (Doc. 40).
[3] All future statutory references are to title 11 of the United States Code, unless otherwise noted.

the judicial lien under § 522(f), what is the applicable homestead exemption amount? The amount is at issue because if Debtors had not filed their bankruptcy case, they could not have taken advantage of a legislative increase in the homestead exemption amount with respect to foreclosure of NMCT's judicial lien.

Because Debtors did not comply with the procedural requirements for claiming a homestead exemption under New Mexico law in prepetition state court actions, NMCT and the Trustee assert that Debtors lost any right to claim a homestead exemption in the Property prior to the filing of their bankruptcy case, and, consequently, can no longer claim a New Mexico homestead exemption in connection with their bankruptcy case. The Court disagrees. For the reasons explained below, the Court concludes that even though under New Mexico law Debtors waived their right to claim a homestead exemption in a prepetition state court foreclosure action, Debtors are entitled to an allowed homestead exemption in their bankruptcy case and are not precluded from seeking to avoid NMCT's judicial lien under § 522(f) as impairing the homestead exemption. The Court also concludes that Debtors may claim in their bankruptcy case the increased homestead exemption amount available under New Mexico law in effect as of the petition date notwithstanding New Mexico law to the contrary with respect to foreclosure of NMCT's judicial lien.

FACTS[4]

Debtors filed a voluntary petition under chapter 7 of the Bankruptcy Code on February 28, 2024 (the "Petition Date"). At all relevant times, Debtors have been married and own the Property as community property. Debtors elected to claim state and federal non-bankruptcy

---

[4]The Facts are derived from the Stipulated Facts (Doc. 35). Any additional facts contained in the Stipulated Facts not specifically restated in this Memorandum Opinion are incorporated herein by reference.

exemptions in connection with their bankruptcy case. On Schedule C filed in this bankruptcy case, Debtors claimed a homestead exemption in the Property under NMSA 1978, § 42-10-9(B)(1) (effective July 1, 2023) in the amount of $210,000.

On January 23, 2023, NMCT obtained a default judgment against the Debtors in the amount of $82,112.78, plus interest, in Cause Number D-202-CV-2022-02976, Second Judicial District Court, Bernalillo County, New Mexico (the "Collection Action"). In the Collection Action, the state court issued a transcript of the judgment which was recorded in the real property records of Bernalillo County, New Mexico, on February 23, 2023 ("Judicial Lien").

Debtors were served in the Collection Action with notices of their right to claim exemptions, together with the claim of exemption forms, pursuant to Rule 1-065.1(B) NMRA (1996). Debtors did not file a claim of exemption in the Collection Action.

In June of 2023, NMCT initiated a foreclosure action against the Debtors pursuant to NMSA 1978, § 39-4-13 (1978) in the Second Judicial District Court, Bernalillo County, New Mexico, Cause No. D-202-CV-2023-05085 (the "Foreclosure Action") seeking to foreclose its Judicial Lien recorded against the Property. Debtors failed to file an answer in the Foreclosure Action or otherwise appear. After conducting a hearing in the Foreclosure Action on NMCT's motion for default judgment, the state court entered a Default Judgment, Decree of Foreclosure, Order of Sale and Appointment of Special master ("Default Foreclosure Decree") on December 29, 2023. Debtors did not file a claim of exemption in the Foreclosure Action.

The Default Foreclosure Decree included the following finding:

The Court having taken judicial notice of the filings and proceedings in the [Collection] Action, the Court expressly finds that the [Debtors] have waived any right to claim a homestead exemption or any other exemption or allowance with respect to the Subject Real Property in the [Collection] Action; [Debtors] are not entitled to assert a homestead or any other exemption with respect to the Subject Real Property.

A special master's foreclosure sale of the Property was set for February 29, 2024. The filing on February 28, 2024, of Debtor's voluntary petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code stayed the foreclosure sale.

DISCUSSION

Upon filing a voluntary bankruptcy petition, a debtor may claim exemptions in property that, absent allowance of the exemption, would be property of the bankruptcy estate under § 541. *See* § 522(b)(1) ("Notwithstanding section 541 . . . an individual debtor may exempt from property of the estate . . . ."). A debtor may choose to claim either the federal bankruptcy exemptions available under § 522(d), or the applicable state, local, and federal non-bankruptcy exemptions, provided the state has not "opted out" of the federal bankruptcy exemption scheme.[5] New Mexico has not opted out of the federal bankruptcy exemption scheme, such that a New Mexican filing for bankruptcy may choose to claim either (i) the federal bankruptcy exemptions under § 522(d) or (ii) federal non-bankruptcy exemptions and applicable New Mexico state or local exemptions.[6] Debtors claimed New Mexico exemptions. The state law exemptions available under § 522(b)(3) are those exemptions "applicable on the date of the filing of the petition." Further, the petition date is the operative date for determining a debtor's exemption rights. *See In re Lampe*, 278 B.R. 205, 210 (10th Cir. BAP 2002) ("A debtor's right to an

---

[5] *See* § 522(b)(1) (authorizing individual debtor to exempt property under either paragraph (2), incorporating the property specified under subsection (d), or, paragraph (3), incorporating state, local or federal non-bankruptcy exemption laws); § 522(b)(2) (the bankruptcy exemptions under subsection (d) may be claimed "unless the State law . . . specifically does not so authorize."); *see also In re Sanders*, 39 F.3d 258, 260 (10th Cir. 1994) ("[T]he Bankruptcy Code allows each state to 'opt out' of the federal [bankruptcy] exemptions and substitute its own exemptions for the ones specified in section 522.").
[6] *See In re Morinia*, No. 11-07-12803 SA, 2008 WL 5157501, at * 1 (Bankr. D.N.M. Aug. 13, 2008) ("New Mexico has not opted out of the federal scheme. As a result, bankruptcy debtors in New Mexico have the option to choose between the federal exemptions codified in § 522(d) or the state exemptions incorporated by § 522(b)(3)."); *In re Reid*, 121 B.R. 875, 876 (Bankr. D.N.M. 1990) ("Unless a state has 'opted out' of the federal exemption scheme, a debtor may choose to claim either state or federal exemptions.").

exemption is determined as of the date that the bankruptcy petition is filed."), *aff'd*, 331 F.3d 750 (10th Cir. 2003).

NMCT and the Trustee assert that Debtors' claim of a New Mexico homestead exemption in the Property in this bankruptcy case should be disallowed because under applicable New Mexico law Debtors waived their right to a homestead exemption by failing to claim their New Mexico homestead exemption in the Collection Action and the Foreclosure Action. Alternatively, NMCT asserts that if Debtors are entitled to a New Mexico homestead exemption in the Property in this bankruptcy case, they are limited to the $60,000 homestead exemption amount per spouse available as of the date NMCT initiated the Foreclosure Action against the Debtors.

*The procedural requirements for claiming a homestead exemption under New Mexico law*

NMCT filed the Foreclosure Action seeking to foreclose its Judicial Lien obtained by recording a transcript of the judgment it obtained in the Collection Action. A proceeding to foreclose a judicial lien follows the same process as "ordinary suits for the foreclosure of mortgages." NMSA 1978, § 39-4-13 (1978). To claim a homestead exemption in a foreclosure proceeding seeking to foreclose a judgment lien, the applicable New Mexico statute provides:

> The defendant, if he desires to claim such real estate or any part thereof as an exemption allowed by law, shall set up his claim of exemption by answer in such foreclosure suit.

NMSA 1978, § 39-4-15 (1978).

With respect to execution against personal property, the New Mexico statute entitled "Claim of exemption or priority," in effect at the time NMCT filed its Collection Action and the Foreclosure Action, provides:

> Any person desiring to claim that property is exempt from execution or is subject to execution only after other property is used to satisfy a debt under the under the provisions

-5-

of Section 40-3-10 and 40-3-11 NMSA 1978 shall file his claim of exemption or priority in the appropriate court, or the right to claim such exemption is waived as between a spouse and a creditor.

NMSA 1978, § 42-10-13 (1978).[7]

Finally, New Mexico Rule 1-065.1, titled Writs of Execution, in effect at the time of the Collection Action, provided, in relevant part:

> (B) **Service of notice of right to claim exemptions from execution.** If the judgment debtor is a natural person, unless a shorter time is ordered by the court, not later than ten (10) days prior to the date of seizure of the property to be sold under a writ of execution, the judgment creditor shall serve upon each judgment debtor notice of a right to claim exemptions and a claim of exemption form . . . .
>
> (C) **Claim of exemptions from execution.** Within ten (10) days after service of a notice of right to claim exemptions, a judgment debtor who is a natural person may claim a statutory exemption by filing a claim of exemption form with the court.

Rule 1-065.1(B) and (C), NMRA (1996).[8]

Section 42-10-13 and accompanying Rule 1-065.1 in effect at the time of the Collection Action and the Foreclosure Action applied only to a creditor's collection efforts against a judgment-debtor's personal property, not to the enforcement of a judgment lien against real property. That statute and rule thus did not affect a judgment debtor's homestead exemption rights.

*Whether Debtors' failure to comply with New Mexico's procedural requirements for claiming a homestead exemption constituted a "waiver" of the homestead exemption*

Debtors did not waive the homestead exemption by failing to claim it in the Collection Action. Although Debtors did not claim an exemption under NMSA 1978, § 42-10-13 (1978, amended 2023) in the Collection Action or return the claim of exemption form that NMCT served upon them pursuant to Rule 1-065.1, as discussed above, that statute and rule in effect at

---

[7] The statute was amended effective July 1, 2023.
[8] The rule was amended effective December 31, 2024.

-6-

the time did not apply to the homestead exemption. Nevertheless, the Default Foreclosure Decree entered in the Foreclosure Action provided that Debtors were not entitled to claim a homestead exemption because they waived that right by failing to file a claim of exemption in the Collection Action:

> [Debtors] have waived any right to claim a homestead exemption or any other exemption or allowance with respect to the Subject Real Property in the [Collection] Action; [Debtors] are not entitled to assert a homestead or any other exemption with respect to the Subject Real Property.

Default Foreclosure Decree.

Even though the state court's reasoning is flawed, its conclusion is correct. Debtors did, in fact, waive the homestead exemption by failing to claim it in the Foreclosure Action. Debtors did not file an answer in the Foreclosure Action. Consequently, Debtors did not claim a homestead exemption in an answer filed in the Foreclosure Action in accordance with NMSA 1978, § 39-4-15 (1978). That statute requires a party claiming a homestead exemption to "set up his claim of exemption by answer in such foreclosure suit." Although NMSA 1978, § 39-4-15 (1978) does not specify that failing to claim a homestead exemption in an answer in a foreclosure suit constitutes a waiver of the exemption, that is how the statute functions. By requiring a defendant to claim an exemption in the answer to a foreclosure complaint, NMSA 1978, § 39-4-15 (1978) treats the requirement as an affirmative defense.[9] And affirmative defenses are waived if not asserted. "The [homestead] exemption is an affirmative defense which may be relied upon only as a matter of privilege; it is not a vested right and the right to assert it may be waived." *D'Avignon v. Graham*, 1991-NMCA-125, ¶ 12, 113 N.M. 129, 132, 823 P.2d 929, 932.

---

[9] *Albuquerque Chem Co. v. Arneson Prods., Inc.*, 201 F.3d 447 n.4 (10th Cir. 1999) ("In practical terms, if a judgment creditor attempts to foreclose on New Mexico property subject to the homestead exemption, the judgment debtor is entitled to assert, as an affirmative defense, the existence of the homestead exemption.").

Consequently, "a defendant waives any claim of exemption by not so raising it" in answer to a foreclosure suit. *Grygorwicz v. Trujillo*, 2008-NMCA-040, ¶ 6, 143 N.M. 704, 706, 181 P.3d 696, 698, *rev'd on other grounds*, 2009-NMSC-009, ¶ 6, 145 N.M. 650, 102 P.3d 865. [10]

Based on the caselaw construing NMSA 1978, § 39-4-15 (1978) as an affirmative defense that can be waived, Debtors' failure to claim the homestead exemption in an answer to the complaint in the Foreclosure Action as required under New Mexico law, and the entry of a final foreclosure judgment in the Foreclosure Action, the Court concludes that Debtors waived the homestead exemption in the Foreclosure Action with respect to foreclosure of NMCT's Judicial Lien.

*Whether Debtors are precluded from avoiding NMCT's judicial lien as impairing the homestead exemption because of their waiver of the homestead exemption in the Foreclosure Action*

Section 522(f)(1) specifically authorizes lien avoidance "[n]otwithstanding any waiver" of the homestead exemption. Under this provision, the Debtors are not precluded from avoiding NMCT's Judicial Lien even though they waived the homestead exemption by failing to assert it in the in the Foreclosure Action as required under New Mexico law.

In *White v. Stump*, 266 U.S. 310, 312 (1924), decided under the former Bankruptcy Act, the Supreme Court held that the bankruptcy law "makes the state laws existing when the petition is filed the measure of the right to exemptions." Because the debtor in *White v. Stump* had not properly claimed a homestead exemption under state law as of the petition date, the debtor was not entitled to exempt the property from the bankruptcy estate. *Id.* at 314. The exemption of

---

[10] *See also Swink v. Sunwest Bank (In re Fingado)*, 113 B.R. 37, 43 (Bankr. D.N.M. 1990) ("N.M.S.A. § 39-4-15 (1978) provides that an exemption to a foreclosure suit if not claimed in the answer is waived."), *subsequently aff'd*, 995 F.2d 175 (10th Cir. 1993); *Wellington v. MTGLQ Invs. LP*, No. 22-CV-0069 KG/KK, 2023 WL 4235672, at *4 (D.N.M. June 28, 2023) (by failing to raise a homestead exemption in answer to the foreclosure suit, the exemption was waived), *aff'd*, No. 23-2101, 2024 WL 1573948 (10th Cir. Apr. 11, 2024).

property from the bankruptcy estate " is not of property which would or might be exempt if some condition not performed were performed, but of property to which there is under the state law a present right of exemption." *Id.* at 313. If this Court were to follow *White v. Stump*, Debtors would not be able to claim a New Mexico homestead exemption in their bankruptcy case because Debtors failed to follow the procedural requirements for claiming a homestead exemption under New Mexico law in the Foreclosure Action prior to the filing of the bankruptcy case.[11] Thus, as of the Petition Date, Debtors no longer had a "present right of exemption" under applicable New Mexico law. *White*, 266 U.S. at 313.

However, *White v. Stump* was decided prior to the enactment of § 522(f), the Bankruptcy Code's judicial lien avoidance statute. *See In re Lafoon*, 278 B.R. 767, 775 (Bankr. E.D. Tenn. 2002) (noting that "the *White* case was decided under the Bankruptcy Act, which did not contain a provision parallel to § 522(f)." (quoting *In re Knestrick*, No. 394-02939, p. 2 (Bankr. M.D. Tenn. July 1, 1994))). Section 522(f) provides, in relevant part:

> *Notwithstanding any waiver* of exemptions but subject to paragraph (3),[12] the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section [which sets forth what property a debtor may exempt].

§ 522(f)(1) (emphasis added).

Although Debtors' failure to comply with New Mexico's procedural requirements to claim a homestead exemption constituted a "waiver" of the exemption in the Foreclosure Action, the plain language of § 522(f) mandates that the Debtors nevertheless are entitled to claim such exemption in their bankruptcy case for the purpose of avoiding NMCT's Judicial Lien. Section 522(f)(1) permits a debtor, "[n]otwithstanding a waiver of exemptions," to avoid the fixing of a

---

[11] As explained below, Debtors' waiver of the homestead exemption in the Foreclosure Action did not effectuate a waiver of their exemption with respect to the Trustee.
[12] Subsection (3) is inapplicable to the facts of this case.

lien on an interest of the debtor in property to the extent the lien impairs an exemption to which the debtor otherwise would have been entitled. If a prepetition waiver of a homestead exemption under state law were to mean that a debtor is not entitled to claim the exemption in a bankruptcy case for purposes of avoiding a judicial lien, the debtor could never avoid a judicial lien against the property under § 522(f) as impairing "an exemption to which the debtor would have been entitled." § 522(f)(1). That would render the language "[n]otwithstanding any waiver of exemptions" contained in § 522(f)(1) a nullity. "Section 522(f)(1) specifically nullifies such state law mandated waivers and allows debtors to claim their exemptions despite the fact that procedural irregularities would cause such exemptions to be waived under state law." *Lafoon*, 278 B.R. at 775 (quoting *Knestrick,* No. 394-01939, pp. 3-4); *see also Berry v. First-Citizens Bank & Trust Co. (In re Berry)*, 33 B.R. 351, 354 (Bankr. W.D.N.C. 1983) ("Section 522(f) speaks directly to '*any* waiver of exemptions' and states that notwithstanding any such waiver, one can avoid the fixing of certain liens.").

This result is also consistent with the Supreme Court's ruling in *Owen v. Owen,* 500 U.S. 305 (1991). In *Owen*, the Supreme Court stated that "a state exemption which purports to be available 'unless waived' will be given full effect, *even if it has been waived*, for purposes of § 522(f)." *Owen*, 500 U.S. at 313. In applying § 522(f), *Owen* directs the Court to "ask not whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he *would have been* entitled but for the lien itself." *Id.* at 310-11. Thus, the debtor in *Owen* who claimed a homestead exemption under Florida law in property subject to a pre-existing judicial lien was entitled to seek lien avoidance under § 522(f) even though the state "defined the exempt property in such a way as specifically to exclude [from the

exemption] property encumbered by judicial liens." *Id.* at 306. But for the judicial lien, the property in *Owen* would have been exempt under Florida law.

Similarly, but for NMCT's Judicial Lien and Debtors' waiver of their homestead exemption in the Foreclosure Action, Debtors would have been entitled to claim a homestead exemption in the Property. Had NMCT not obtained the Judicial Lien, NMCT would not have been able to initiate the Foreclosure Action, and had NMCT not filed the Foreclosure Action, Debtors would not have waived the homestead exemption by failing to claim it in an answer to NMCT's complaint to foreclose its Judicial Lien. Debtors may, therefore, rely on § 522(f) to seek avoidance of NMCT's Judicial Lien even though they waived the right to claim a homestead exemption in the Foreclosure Action by failing to comply with the procedural requirements for claiming a homestead exemption under New Mexico law. *See Lafoon*, 278 B.R. at 777 (observing that *Owen v. Owen* rejected the argument that debtors in "opt out" states "must also comply with the procedural state mechanisms for claiming those exemptions."). Therefore, the Court concludes that by waiving the homestead exemption in the Foreclosure Action, Debtors are not precluded from taking advantage of the homestead exemption for the purpose of avoiding NMCT's judicial lien under § 522(f) as impairing their homestead exemption.

> *Whether Debtors' waiver of their homestead exemption in the Foreclosure Action affects their exemption rights with respect to other creditors or the Trustee in the bankruptcy case*

Debtors' waiver of their homestead exemption in the Foreclosure Action did not effectuate a waiver of the homestead exemption in their bankruptcy case with respect to the Trustee or other creditors. The relevant New Mexico statutes and rules establish procedures for judgment debtors to claim exemptions in the face of a creditor's collection efforts and require a creditor to give notice to the judgment debtor of the debtor's exemption rights before the creditor

-11-

can collect from the judgment debtor's property. *See* NMSA 1978, § 39-4-13 (1978), NMSA 1978, § 42-10-13 (1978, amended 2023), and Rule 1-065.1, NMRA (1996).

Section 39-4-15 (1978), which provides how a New Mexico homestead exemption must be claimed, functions to effectuate a waiver of exemption rights (if the exemption is not timely and properly claimed) only with respect to foreclosure of the judgment lien (also known as a judicial lien) at issue in the action in which the waiver occurred. Thus, the failure to assert the homestead exemption as an affirmative defense in the answer to a foreclosure complaint seeking to foreclose a judicial lien waives the homestead exemption only with respect the foreclosure of that judicial lien. This construction of NMSA 1978, § 39-4-15 (1978) is mandated by the plain languet of the statute and comports with the purpose and function of the statute. It is also supported by the New Mexico policy in favor of construing exemption statutes liberally. *See In re Foah*, 482 B.R. 918, 921 (10th Cir. BAP 2012) ("[New Mexico] exemption statutes are to be interpreted 'to effect their humanitarian purposes [and, therefore,] must be liberally construed in favor of the claimant of an exemption.'" (quoting *In re Carlson*, 303 B.R. 478, 482 (10th Cir. BAP 2004))); *Ruybalid v. Segura*, 1988-NMCA-084, ¶ 27, 107 N.M. 660, 666, 763 P.2d 369, 375 ("The purpose of the homestead exemption . . . is to benefit the debtor and the debtor's dependents . . . . [and] should be liberally construed."). If the waiver of the homestead exemption under the New Mexico law were to function as a permanent waiver as to any and all creditors in addition to foreclosure of the lien with respect to which the exemption was waived, it would undermine the policy and purpose of the homestead exemption statute.

Because Debtors only waived their homestead exemption under New Mexico law with respect to foreclosure of NMCT's Judicial Lien, Debtors retained their rights to a claim of the New Mexico homestead exemption in their bankruptcy case with respect to the Trustee and other

-12-

creditors. As of the Petition Date, Debtors had not waived their New Mexico homestead exemption with respect to the Trustee or any creditor other than with respect to foreclosure of NMCT's Judicial Lien, and can therefore claim a New Mexico homestead exemption in the Property in their bankruptcy case in addition to claiming the exemption for the purpose of avoiding NMCT's Judicial Lien under § 522(f).

*NMCT's remaining arguments regarding Debtors' right to claim a New Mexico homestead exemption in the Property are unavailing*

NMCT asserts that the Default Foreclosure Decree has claim preclusive effect establishing that Debtors lost their homestead exemption rights. The State Court determined that Debtors "have waived any right to claim a homestead exemption or any other exemption or allowance with respect to the Subject Real Property in the [Collection] Action" and that they "are not entitled to assert a homestead or any other exemption with respect to the Subject Real Property."[13] Under New Mexico law, a final judgment has claim preclusive effect to bar subsequent litigation not only of the claims actually asserted in the first action, but also claims arising out of the same transaction or occurrence that could have been asserted even if they were not. *In re Lopez*, No 21-10836-j13, 2022 WL 1160607, at *3 (Bankr. D.N.M. Apr. 19, 2022).[14] The Default Foreclosure Decree cannot have claim preclusive effect with respect to Debtors'

---

[13] The Court notes that Debtors' waiver of their exemptions in the Collection Action could not have included a waiver of the homestead exemption because NMCT did not have a right to collect against the Debtors' real property until NMCT obtained its Judicial Lien and initiated the Foreclosure Action. In addition, Debtors could not have waived their homestead exemption in the Collection Action because they had another chance to claim the homestead exemption in the Foreclosure Action.

[14] *See also Brooks Trucking Co. v. Bull Rogers, Inc.*, 2006-NMCA-025, ¶ 10, 139 N.M. 99, 102, 128 P.3d 1076, 1079 (claim preclusion "does not depend upon whether the claims arising out of the same transaction were actually asserted in the original action, as long as they could have been asserted." (quoting *Anaya v. City of Albuquerque*, 1996-NMCA-092, ¶ 18, 122 N.M. 326, 331, 924 P.2d 735, 740)). The elements necessary to apply claim preclusion are: "(1) the parties must be the same, (2) the cause of action must be the same, (3) there must have been a final decision in the first suit, and (4) the first decision must have been on the merits." *Tunis v. Country Club Ests. Homeowners Ass'n, Inc.*, 2014-NMCA-025, ¶ 20, 317 P.3d 713, 717 (quoting *Kirby v. Guardian Life Ins. Co. of Am.*, 2010-NMSC-014, ¶ 61, 148 N.M. 106, 124, 231 P.3d 87, 105).

rights under § 522(f) because Debtors could not have asserted a claim to avoid NMCT's Judicial Lien in the Foreclosure Action. Debtors' lien avoidance rights under § 522 did not exist until they filed bankruptcy. *See Brown v. Felsen*, 442 U.S. 127, 138-39 (1979) (claim preclusion does not apply to a non-dischargeability claim because exceptions to discharge fall within the bankruptcy court's exclusive jurisdiction and could not have been raised in the prior state court action). And in any event, even if the Default Foreclosure Decree were given claim preclusive effect to establish that Debtors waived their right to claim a homestead exemption in the Collection Acton and Foreclosure Action, § 522(f) permits avoidance of a judicial lien notwithstanding such a waiver.

Finally, NMCT contends that Debtors cannot claim a homestead exemption in the Property because the Debtors' interest in the Property had already been foreclosed as of the Petition Date. More specifically, NMCT argues that because it foreclosed its Judicial Lien prepetition, Debtors had no interest in the Property that they could exempt from the bankruptcy estate; all the Debtors had on the Petition Date was a right of redemption. It is true that Debtors could not avoid a judicial lien against property in which they had no interest when they commenced their bankruptcy case. But the stipulated facts establish that Debtors still owned the Property when they commenced their bankruptcy case. Under New Mexico law, if a foreclosure sale takes place the "date of sale" is the date a court order confirming the special master's report of sale is filed in the office of the clerk of the court. NMSA 1978, § 39-5-18(E) (2007). A foreclosure sale of the Property never took place because the Debtors' bankruptcy filing stayed the upcoming sale. Because no foreclosure sale of the Property occurred, Debtors retained their ownership of the Property on the Petition Date. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 211 (1983) ("Ownership of the property is transferred only when the property is sold . .

. ."). The Debtors therefore owned an exemptible interest in the Property when they filed their bankruptcy case.

> *Whether Debtors may claim the increased New Mexico homestead exemption amount in this bankruptcy case*

Having determined that a) Debtors are not precluded from avoiding NMCT's lien under § 522(f) by their failure to claim a homestead exemption as required by New Mexico law in the prepetition Foreclosure Action, and b) Debtors are entitled to a New Mexico homestead exemption in this bankruptcy case, the Court must determine the amount of Debtors' allowed homestead exemption. NMCT contends that Debtors may only claim an exemption of $60,000 each in the Property, not the increased New Mexico homestead exemption amount of $150,000 per debtor in effect as of the Petition Date. The Trustee argues that Debtors are not entitled to a homestead exemption at all because they waived their homestead exemption in prepetition state court proceeding but does not contest the applicability of the higher exemption amount if a claim of homestead exemption were allowed.

The New Mexico homestead exemption statute in effect during the pendency of the Collection Action and at the time NMCT initiated the Foreclosure Action provided for a homestead exemption of $60,000 for each joint owner if the homestead is owned jointly by two persons. *See* NMSA 1978, § 42-10-9 (2007). The New Mexico homestead exemption statute was amended in 2023 to increase the homestead exemption amount from $60,000 to $150,000 per person. *See* NMSA 1978, § 42-10-9 (effective July 1, 2023) ("A person shall have a homestead exemption in a domicile or land owned by the person that is the primary residence of the person. . . . . The amount of the exemption is one hundred fifty thousand dollars ($150,000)[.]").

The New Mexico law enacting the amendments to the New Mexico homestead exemption statute (the "Enabling Act"), which increased the exemption from $60,000 to

-15-

$150,000 per person, has a stated effective date of July 1, 2023, and provides that the law would "apply to actions filed on or after July 1, 2023." S.B. 216, as amended, ch. 104, §§ 13-14, 56th Leg., 1st Sess. (N.M. 2023). Because the Enabling Act provides that it applies to actions filed on or after July 1, 2023, and because NMCT initiated the Foreclosure Action three days before the effective date of the new statute, NMCT reasons that the increased homestead exemption amount does not apply.

But for the bankruptcy filing, this Court would agree that the applicable exemption amount with respect to foreclosure of NMCT's Judicial Lien is the lower amount in effect when NMCT filed its Foreclosure Action. *See USLife Title Ins. Co. of Dallas v. Romero*, 1982-NMCA-068, ¶ 28, 98 N.M. 699, 703, 652 P.2d 249, 253 (holding that the prior statute applies when the case is pending at the time an amended statute is enacted); *see also* N.M. Const. art. IV, § 34. ("No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case."); *Ranchers State Bank of Belen v. Vega*, 1982-NMSC-131, ¶ 2, 99 N.M. 42, 43, 653 P.2d 873, 874 (holding that a legislative increase in the homestead exemption amount may not be claimed against a judgment lien that attached prior to the effective date of the statutory amendment increasing the exemption). However, under the Supreme Court's reasoning of *Owen v. Owen*, and preemption principles, Debtors are entitled to claim the increased homestead exemption in effect on the Petition Date.

As previously discussed, *Owen* directs the Court under § 522(f) to consider the exemption a debtor "*would have been* entitled . . . . but for the lien itself." 500 U.S. at 311. The Court must disregard the lien and consider a hypothetical state of affairs in which the lien does not exist. *Owen*, 500 U.S. at 311. The Enabling Act for the statute that increased the New Mexico homestead exemption provides that the higher exemption amount applies to "actions filed on or

after July 1, 2023." Here, if NMCT had never obtained its Judicial Lien, it would not have filed the Foreclosure Action prior to July 1, 2023, to foreclose its Judicial Lien, and Debtors would have been entitled to claim the higher homestead exemption amount in effect on the Petition Date. The result is that Debtors can claim in this bankruptcy case the increased homestead exemption amount available on the Petition Date because that is the exemption amount that they would have been entitled to claim had there been no Judicial Lien and no pre-petition Foreclosure Action.

Both the Ninth Circuit and a prior New Mexico bankruptcy court decision reach the same result in reliance on *Owen*. In *Barclay v. Boskoski,* 52 F.4th 1172 (9th Cir. 2022), the Ninth Circuit rejected the creditor's argument that the debtor was limited to the lower exemption amount in effect under applicable California state law when the creditor recorded its lien and allowed the debtor to claim the higher exemption amount applicable as of the petition date. The *Barclay* court pointed out that *Owen* recognizes "that the Bankruptcy Code's policy of permitting state-defined exemptions is not 'absolute,' . . . . [but] must be applied 'along with whatever other competing or limiting policies the [Bankruptcy Code] contains.'" *Barclay*, 52 F.4th at 1177-78 (quoting *Owen*, 500 U.S. at 313). Because the debtor would have been entitled to claim the higher exemption at the time of the bankruptcy filing in the absence of the creditor's lien, the higher exemption amount was the amount the Court was required to use to determine whether the debtor could avoid the creditor's lien. *Id.* at 1177.

In *In re Morinia*, No. 11-07-12803 SA, 2008 WL 5157501 (Bankr. D.N.M. Aug. 13, 2008), Judge Starzynski likewise relied on *Owen* to conclude that the Debtors could claim the increased homestead exemption amount applicable on the petition date even though under New Mexico law debtors would not have been entitled to claim the higher homestead exemption

-17-

Case 24-10185-j7    Doc 47    Filed 02/27/25    Entered 02/27/25 14:04:40 Page 17 of 20

because the judgment creditors recorded their judgment against the debtors' property before the legislative increase in the homestead exemption amount. *Morinia*, 2008 WL 5157501, at *3 (overruling creditors' objection to debtors' homestead exemption, reasoning that "debtors **could** rightly claim" the higher homestead exemption had there not been the transcript of judgment).

Section 522(f) thus operates to preempt state law under which the Debtors would be entitled to a lower exemption amount as to NMCT if no bankruptcy case had been filed where, as here, Debtors would have been entitled under state law to a higher exemption amount on the Petition Date but for the Judicial Lien. *Cf. In re Coats*, 232 B.R. 209, 213 (10th Cir. BAP 1999) (When it comes to lien avoidance, federal bankruptcy law "pre-empts any state law that limits the scope of its exemptions in a way that would interfere with the 'fresh start' policy served by the avoidance of certain types of liens under § 522(f).").

Here, the New Mexico law providing that Debtors waived their homestead exemption rights with respect to NMCT by failing to comply with the statutory procedure to claim their homestead exemption in the Foreclosure Action conflicts directly with the Bankruptcy Code's lien avoidance provisions. And under the Bankruptcy Code's pre-emptive lien avoidance provisions, not only are the Debtors entitled to claim a homestead exemption as to NMCT notwithstanding their pre-petition waiver under state law, they also are entitled to claim the increased exemption amount as to NMCT under the amended New Mexico homestead exemption statute that would have made the higher exemption amount applicable on the Petition Date but for the Judicial Lien.

CONCLUSION

Based on the foregoing, the Court concludes that Debtors are not precluded from avoiding NMCT's lien under § 522(f) or from claiming a New Mexico homestead exemption in the Property in this bankruptcy case based on their failure to claim a homestead exemption within the time required by New Mexico law in the prepetition state proceedings notwithstanding Debtors' pre-petition waiver of their homestead exemption with respect to foreclosure of NMCT's Judicial Lien. Debtors are entitled to an allowed homestead exemption in the Property of up to $150,000 each.

The Court will enter an order consistent with this Memorandum Opinion 1) fixing the amount of Debtors' allowed New Mexico homestead exemption, 2) overruling NMCT's Objection to Claim of Exempt Property (Doc. 12), and 3) overruling Trustee's Objection to Debtors' Claims of Exemption (Doc. 20). The Court will set a preliminary hearing on the Motion to Avoid Lien (Doc. 14).

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: February 27, 2025

COPY TO:

Dennis A Banning
Attorney for Debtors
New Mexico Financial Law
320 Gold Ave, SW #1401
Albuquerque, NM 87102-3299

David A Grammer, III
Attorney for North Mill Credit Trust
Grammer Law Offices, P.C.
2730 San Pedro Drive NE, Suite D
Albuquerque, NM 87110

Philip J. Montoya
Chapter 7 Trustee
1122 Central Ave SW Ste #3
Albuquerque, NM 87102